UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MARTIN J. WALSH, Secretary of Labor,
United States Department of Labor

Plaintiff

-against-

DAVID IP

Defendant

**MEMORANDUM OF LAW**

CASE NO: 1:22-cv-00886 [GTS/DJS]

Defendant David Ip, by and through his counsel, Mann Law Firm P.C. (Matthew J. Mann, Esq., Of Counsel) hereby submits the within memorandum of law in support of the positions presented in connection with Defendant's Motion to Dismiss.

**THE FACTS AS ASSERTED AND EMBODIED IN THE COMPLAINT**

Defendant has no actual knowledge of the conduct alleged in the Complaint and respectfully recites without admission, the allegations as asserted in the Complaint which is document 1 of this case. The Secretary of Labor alleges that off duty Rensselaer County Sheriff Deputy Andrew Morin (hereinafter "Morin") contacted Immigration and Customs Enforcement (hereinafter "ICE") and reported some persons for some violation of the law, the specifics of which are unknown and unstated.

The complaint contains vague and conclusory allegations unsupported by any factual averments that Defendant somehow and at some unspecified time provided Morin with some "unspecified personal identifying and other specified information" about the three individuals. The three individuals who it is alleged to have shared information about are plaintiffs in a wages and hours suit against the Defendant which is captioned Zhang et al v. Ichiban et al NDNY 1:17-cv-0148.

Morin periodically was employed by Defendant in gig work as in Defendant's unrelated event security business.

The conclusory language of the complaint asserts that the disclosure of the unspecified information in an unspecified manner at an unspecified time to Morin was done for the purpose of retaliating against these alleged former employees. No factual basis for the conclusory allegation is asserted.

The complaint imagines discussions of depositions between Morin and Defendant but provides no factual support pertaining to the content, date, time, or intention of the conversations.

Through creative draftsmanship, the complaint implies a request by Defendant to act against his former employees but does not assert that such a request was made explicitly or even implicitly. There are no factual averments which could support any mens rea. No agency relationship is alleged between Ip and Morin. At best there is mere conjecture supplemented by Complainant's imagination.

While the complaint asserts dates for the conduct of Morin and ICE, no such dates are attributed to the alleged conduct of Defendant. Morin is alleged to have acted on August 8, 2019; ICE is alleged to have acted on August 12, 2019.

The complaint alleges that Morin's conduct influenced the beliefs of ICE agents; no allegations are made of the impact Defendants vaguely alleged conduct.

The names of the individuals who it is alleged that Morin complained to ICE about are matters of public record, being set forth on the docket of Zhang v. Ichiban et al NDNY 1:17-cv-0148 and, upon information and belief, was also widely publicized in the media at the time of commencement of that action.

The dates and location of the deposition from which ICE at Morin's alleged behest where followed the affected individuals on August 12, 2019 were similarly set forth in the easily accessible public record docket of Zhang v. Ichiban et al NDNY 1:17-cv-0148

Morin is not named in the Complaint nor, upon information and belief has any action been taken against him.

Defendant vehemently denies any actions which could be even remotely construed as retaliation against his alleged former employees.

**UNSUPPORTED CONCLUSORY ALLEGATIONS NECESSITATE DISMISSAL OF THE COMPLAINT**

Where a complaint fails to state a claim upon which relief can be granted must be dismissed pursuant to FRCP §12(b)(6).

Further, improper pleadings fail to convey jurisdiction on the Court. Under the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint, jurisdiction is improper where the plaintiff fails to set forth its claims in proper pleadings [1]. *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987). Absent jurisdiction, the Court must also dismiss the complaint pursuant to FRCP §12(b)(1).

In order to survive a motion to dismiss pursuant to FRCP § 12(b)(6), "a complaint must contain sufficient factual allegations, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal* Id. at 676. "A complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of

action," or "naked assertion[s]" devoid of "further factual enhancement" in order to survive dismissal. *Romero v. Manhattan and Brooklyn Surface Transit Operating Auth*. 21-cv-4951 (SDNY, Mar. 2, 2022) citing *Twombly*, 550 U.S. at 555, 557.

The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Twombly* Id. (internal citation omitted). "In addressing the sufficiency of a complaint, [the Court] accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [the Court is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).

"FLSA retaliation claims are subject to the three-step burden-shifting framework established *by McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973*).*" *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010)). To make out a prima facie case of retaliation under the FLSA, a plaintiff must show: "(1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Id.*

To determine whether "[a]n employment action disadvantages an employee" for the purposes of FLSA retaliation, the Second Circuit applies the standard outlined by the Supreme Court in Burlington Northern & Santa Fe Railway Co. v. White, whereby "[a]n employment action disadvantages an employee if 'it well might have dissuaded a reasonable worker from making or supporting [similar] charge[s] . . . .'" Mullins, 626 F.3d at 53 (alterations in original) (quoting Burlington N., 548 U.S. 53, 68 (2006)). In this Circuit, district courts have held that reporting former employees who had filed an FLSA complaint to immigration authorities could be construed as a prohibited retaliatory act. *Centeno-Benruy v. Perry* 302 F Supp 2d, 128 (WDNY, 2003). Similarly, the act of threatening to report a former employee to immigration has been held to be prohibited retaliation. *Guohua Liu v. Elegance Rest. Furniture Corp* No 15-cv-5787 2017 WL 4339476 (EDNY, Sept, 25, 2017). *Perez v. Jasper Trading, Inc*., No. 05CV1725 (ILG) (VVP), 2007 WL 4441062 (EDNY. Dec. 17, 2007). The distinction between these cases and the case at bar is that the retaliatory act was done by the former employer, not some third party.

*Twombly* and *Iqbal* suggest that courts undertake a "two-pronged approach" in evaluating motions to dismiss, under which they:(1) "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth"; and (2) determine whether the remaining "well-pleaded factual allegations," assumed to be true, "plausibly give rise to an entitlement to relief." *Id.* at 679; see also *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). The working principle underlying the first step of this analysis is the notion that a Court should not accept as true allegations that amount to mere "legal conclusions," *Iqbal*, Id. at 678, including those concerning a defendant's state of mind, id. at 686–87; see also *Biro v. Conde Nast*, 807 F.3d 541, 544–45 (2d Cir. 2015).

A plaintiff who pleads facts that are 'merely consistent with' a defendant's liability, 'stops short of the line between possibility and plausibility, 'and she fails to demonstrate an entitlement to relief. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)

An adequately plead complaint for retaliation must properly allege retaliatory intent *Murray v. UBS Sec., LLC*, 43 F.4th 254 (2d Cir, 2022) and it must do so in a non conclusory manner upon statements of fact. *Iqbal*, Id at 678, *Biro* Id.

The complaint which is subject of this motion alleges that Deputy Morin committed specifically stated acts with certain intent on identified dates which might be considered impermissible retaliation if the Court were to apply *Arias v Raimondo* 860 F.3d 1185 (9th Cir. 2017) which held that a person other than an employer may be liable for acts of retaliation under the FLSA. As discussed further in the next section of this memorandum of law, Deputy Morin is not a party to this action. His unsolicited conduct is not attributable nor relevant to David Ip.

David Ip is the named defendant in complaint which is the subject of this complaint. A complaint against him under 29 USC § 215(a)(3) must allege in a non conclusory manner that he engaged in specifically articulated conduct with the intent to retaliate against his former employees.

Plaintiff's complaint contains only supposition, conjecture and unsupported conclusory arguments. At best, the complaint sets forth imagined acts which might be "merely

consistent with" liability, but fall short of the required plausibility standard. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

The complaint (para 16 and 17) conjectures that Defendant and Morin may have had conversations and that those conversations may have included complaining about being sued by undeserving parties. To be candid, a mere bitch session in which one friend confides to another that they are being sued by undeserving a @holes, does not constitute impermissible retaliation. It constitutes simple venting. It should be noted that characterization of Morin as a member of law enforcement (para 33) during an off duty side job is misleading. More importantly, there is not a single factually supported allegation that Defendant asked, suggested or implied that Morin take any action to the detriment of his alleged former employees. It appears from the few facts in the complaint that as in *Arias v Raimondo*, Morin acted alone as an unsolicited manner. The complaint (para 24) states that "deputy sheriff Morin shared the information … with the goal of having them arrested on the day of the deposition". The next paragraph alleges "The information deputy sheriff Morin provided to ICE …" The conduct alleged is conduct of Morin, not of Defendant.

The averments in the complaint (para 21 and 33) imagines that Defendant shared "personally identifying [information]", and "sensitive information" about his alleged former employees but does not identify what information was allegedly provided. The terms "personal identifying," and "sensitive information' are legal conclusions and not facts. Even "immigration status" is a legal conclusion. Conclusory language without factual support renders a complaint insufficient.

Further even if information were shared with a coworker in the course of a bitch session (which Defendant denies), Plaintiff allegations (para 33) that Defendants shared information with "the intent that the information would be used adversely against them …." is unsupported by any factual statement. Similarly, the conclusory statement at paragraph 34 that Defendant allegedly act "acted with malice or reckless indifference" is also wholly unsupported by factual averment. A court should not accept as true allegations that amount to mere "legal conclusions," Iqbal, 556 U.S. at 678, including those concerning a defendant's state of mind, id. at 686–87; see also *Biro v. Conde Nast*, 807 F.3d 541, 544–45 (2d Cir. 2015)

Of course, he complaint ignored the fact that the identities of the allegedly affected individuals were a matter of easily accessed public information as were the dates and location of the subject deposition. Morin's independent and easy access to information which he appears to have used to the detriment of the allegedly affected individuals should be considered in any claim plausibility analyses the Court may conduct as it undermines any strained insinuation that Defendant engaged the conduct suggested.

In sum and substance, the Complaint fails to allege in a non conclusory manner, that Defendant engaged in any specific conduct which any reasonable person could plausibly consider a violation of 29 USC §215(a)(3). The complaint should be dismissed.

**FAILURE TO NAME MORIN, A NECESSARY PARTY, NECESSITATES DISMISSAL**

Where a complaint fails to name a necessary party it must be dismissed pursuant to FRCP §12(b)(7).

As set forth in the preceding the complaint alleges that a person called Andrew Morin reported some affected persons to ICE and that the alleged affected persons had filed an FLSA action against the Defendant. Further the complaint alleges that as a result of Morin's actions, these affected individuals suffered some consequence.

Conspicuously absent from the Complaint is any non conclusory factual allegation imputing misconduct to the Defendant. At best the Secretary has established that Morin is liable for the act of contacting ICE as he is the individual engaging in the retaliatory conduct. Arias v Raimondo 860 F.3d 1185 (9th Cir. 2017), that is providing that the Secretary establishes that Morin's conduct, as self appointed protector, was tantamount to the attorneys actions in Arias, Liability was established based on the attorneys pattern of conduct, without regard to the acts or omissions of the employer

Therefore Morin, the culpable individual, is a necessary party to this action. Morin, however, cannot be joined in this action as all possible statutes of limitations have expired. As set

forth further in this memo pursuant to 29 USC §255, §215(a)(3) violation actions are generally subject to a 2 year statute of limitations and a 3 year statute of limitations where the conduct is willful. The complaint alleges that Morin engaged in the offensive conduct on August 8, 2019. The two year statute of limitations expired on August 8, 2021. The three year statute of limitations expired on August 8, 2022. Upon information and belief, Morin did not enter any tolling agreements. This action was commenced on August 25, 2022. Even if a motion were made to join Morin, with the most generous look back period - that being August 25, 2022, the date of commencement of this action, a cause of action against him would be time barred by several weeks

In the absence of joining under FRCP Rule 19, "equity and good conscience" require the action be dismissed against Defendant as Defendant is unduly prejudiced by the defense and not lot liable as a matter of law.

**FAILURE TO PLEAD THAT THE ALLEGED VIOLATION OCCURRED WITHIN THE STATUTE OF LIMITATIONS REQUIRES DISMISSAL OF THE COMPLAINT.**

Failure to allege that conduct occurred within the relevant statute of limitations also supports a dismissal of the Complaint pursuant to FRCP §12(b)(6).

A party is permitted to use a Rule 12(b)(6) motion to dismiss as a vehicle to challenge a complaint on statute of limitations grounds. While generally an affirmative defense, "a defendant may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Staehr v. Hartford Fin Servs Grp* 547 F3d 406, 425 (2d Cir, 2008)

With regard to the secretary's retaliation claim, "[t]he FLSA provides a two-year statute of limitations on actions to enforce its provisions, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.' " *Parada v. Banco Indus. De Venez., C.A.*, 753 F.3d 62, 70(2d Cir.2014) (quoting 29 U.S.C. § 255(a)). This two-year period — or three-year period in the case of willful violations FLSA retaliation claims. *Goodman v. Port Auth. of N.Y. & N.J.*, No. 10–CV–8352,2013 WL 5313427 (S.D.N.Y. Sept. 20, 2013).

As the courts recognize that a motion to dismiss on statute of limitations grounds under Rule 12(b)(6) is a motion for failure to state a cause of action, it is implicit in that recognition that pleading specific non conclusory allegations establishing that the alleged misconduct occurred within the relevant statute of limitations period is an essential element of pleading; Failure to plead in a non conclusory manner that is by specific factual averments that the conduct alleged was committed within the statute of limitations period constitutes "failure to state a claim upon which relief can be granted". FRCP §12(b)(6). The omission of dates of alleged retaliatory conduct "appears on the face of the complaint" *Staehr* Id.

For an action filed on August 25, 2022, to adequately state a claim for FLSA retaliation by Defendant, Plaintiff was required to alleged in its complaint in factually supported, non conclusory manner that specific conduct constituting retaliation, occurred within the two year period between May 12, 2019 and August 25, 2022 (recognizing tolling on consent of 470 days). Nowhere in the complaint is it alleged that Defendant engaged in any specific conduct during that time period.

If Court were to find that the Plaintiff met the burdens of establishing plausibly alleging in a factual supported, non conclusory manner sufficient to give rise to an inference of willfulness in the specified acts or omissions, only then would the statute of limitations period be extended to three years *Whiteside v. Hover-Davis, Inc., Universal Instruments Corporation* 995 F3d 315 (2d Cir. 2021) which in this case would mean that the Plaintiff was required to state in the Complaint that any alleged conduct occurred on or after May 12, 2018. The Court is respectfully reminded that the alleged former employees filed their federal court complaint in February of 2017 and that prior to that they filed unfounded complaints with the NYS Labor Department in 2016. The Court can not, therefore, presume or infer that the alleged vague and conclusory allegations occurred within the statute of limitations period. A person persecuted by false claims such as the Defendant could just have easily, reasonably complained to his co-workers or any one else who would listen that he was the victim of false claims brought by greedy individuals seeking to extort from him.

Here the two or three year period is not necessarily relevant as Plaintiff makes no allegations as to the time period during which the vague and conclusory alleged conduct may have occurred. As such that have not sufficiently pled that the conduct occurred within the statute of

limitations periods. In failing to so, they have failed to state a claim upon which relief can be granted”. FRCP §12(b)(6)

## CONCLUSION

The Court should grant Defendant’s motions and issue an Order dismissing the within action against Defendant, awarding to Defendants reasonable attorneys’ fees, costs, disbursements arising from defense of this action, and granting such other and further relief as to this Court may seem just, proper and equitable.

Dated: November 15, 2022

Respectfully submitted,

*/s/ Matthew J. Mann*
Matthew J. Mann, Esq. (Bar Roll 507018)
Mann Law Firm, P.C.
*Attorneys for Defendant*
426 Troy Schenectady Road
Latham, New York 12110
(518) 785-3300

[1] It is recognized that the Well-Pleaded Complaint Rule is generally raised in relation to removal proceedings, the precept that in an action relating to cause of action based in federal law, a complaint which does not set forth a sufficient and properly pleaded federal cause of action does not convey jurisdiction of the federal courts. It recognizes some overlap between FRCP §12(b)(6) and FRCP §12(b)(1).