**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,**

                                        **Plaintiff,**

        **vs.**                                          **1:22-cv-00886**
                                                    **(MAD/TWD)**
**DAVID IP,**

                                        **Defendant.**

---

**APPEARANCES:**                           **OF COUNSEL:**

**U.S. DEPARTMENT OF LABOR**               **AMY TAI, ESQ.**
**OFFICE OF THE SOLICITOR**                **HOLLIS VIRGINIA PFITSCH, ESQ.**
201 Varick Street
Room 983
New York, New York 10014
Attorneys for Plaintiff

**MANN LAW FIRM, PC**                      **MATTHEW J. MANN, ESQ.**
426 Troy-Schenectady Road
Latham, New York 12110
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On August 25, 2022, Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff"), commenced this action against Defendant David Ip ("Defendant") pursuant to 29 U.S.C. § 201, *et seq.*, seeking to redress alleged violations of the Federal Labor Standards Act ("FLSA"). *See* Dkt. No. 1. Plaintiff alleges one cause of action against Defendant under the FLSA's anti-retaliation provisions, which bar "retaliation against employees and former employees because they assert their rights under the FLSA." *Id.* at ¶ 32 (citation omitted).

On November 15, 2022, Defendant filed the instant motion to dismiss pursuant to Rules 12(b)(1), 12(b)(6), and Rule 12(b)(7) of the Federal Rules of Civil Procedure. *See* Dkt. No. 11. Plaintiff opposed the motion and cross-moved to amend the complaint. *See* Dkt. No. 19. Defendant filed a reply and opposition to the cross-motion. *See* Dkt. No. 20. Plaintiff filed a reply relative to the cross-motion. *See* Dkt. No. 23.

For the reasons discussed below, Defendant's motion to dismiss is denied and Plaintiff's cross-motion to amend is denied as moot.

## II. BACKGROUND

According to the complaint, Plaintiff brought this action "to redress [Defendant's] retaliation against former employees in violation of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3) and to restrain him from any further retaliation." Dkt. No. 1 at ¶ 1. Defendant "is the former operator of a restaurant called Ichiban Restaurant ('Ichiban')," which operated previously in Albany, New York. *Id.* at ¶ 7. "On February 9, 2017, Xue Hui Zhang, a former employee of Defendant [], filed suit in the Northern District of New York under the FLSA claiming he was owed back wages for violations of the [FLSA] and seeking to represent a collective and class of workers[.]" *Id.* at ¶ 14; *see Zhang, et al., v. Ichiban Group, LLC, et al.*, No. 1:17-CV-00148 (MAD/TWD) (N.D.N.Y.). The complaint in that action was later amended to include "two more former employees as class representatives, Yue Hua Chen and Gui Yong Zhang[.]" *Id.* at ¶ 15.

In addition to Ichiban, Defendant "operated a private security guard business, which hired off-duty law enforcement officers to serve as private security for large events and venues." Dkt. No. 1 at ¶ 12. Defendant "repeatedly complained" about the FLSA class action to one of his private security employees, Adrian Morin, Sr ("Mr. Morin"). *Id.* at ¶¶ 16-17. Mr. Morin also serves as a Rensselaer County deputy sheriff. *Id.* at ¶ 17.

On July 15, 2019, this Court ordered depositions to be held from August 12 to August 15, 2019 in the FLSA class action.  *See* Dkt. No. 1 at ¶ 18.  Defendant allegedly discussed the depositions with Mr. Morin in advance.  *Id.* ¶ 19.  Specifically, "Defendant [] told Mr. Morin the specific dates that the class representatives would be in Albany for their depositions, and the specific locations of their depositions."  *Id.* at ¶ 20.  Moreover, Defendant provided Mr. Morin "personal identifying and other sensitive information . . . , including information about their identities and perceived immigration status."  *Id.* at ¶ 21.  Defendant allegedly did so "with the intent that the information would be used adversely[.]" *Id.* at ¶ 22.

Thereafter, on or about August 8, 2019, Mr. Morin "reported the location, date, and time that the class representatives would be in Albany" to the United States Immigration and Customs and Enforcement ("ICE") agency.  Dkt. No. 1 at ¶ 23.  Additionally, Mr. Morin provided "the personal identifying and other sensitive information that [Defendant] had provided about them." *Id.*  The information "led ICE agents to believe that all three class representatives purportedly had 'final orders of removal' and had 'absconded.'" *Id.* at ¶ 25.

On August 12, 2019, the three class representatives traveled to Defendant's attorney's office in Albany for the depositions.  Dkt. No. 1 at ¶ 26.  In light of the information Mr. Morin reported, ICE agents also arrived at the attorney's office.  *Id.* at ¶ 27.  "During the lunch break of the deposition, the ICE agents followed the class representatives to a restaurant, approached them, and took Xue Hui Zhang into custody, which Yue Hua Chen and Gui Yong Zhang witnessed." *Id.* at ¶ 28.  Xue Hui Zhang remained in custody for several weeks thereafter.  *Id.* at ¶ 29.

As the Secretary of the United States Department of Labor, Plaintiff "is authorized to seek injunctive relief to restrain violations of the FLSA."  Dkt. No. 1 at ¶ 3; *see also* 29 U.S.C. § 217.  Through this action, Plaintiff "seeks an order from this Court enjoining Defendant and those

acting on his behalf from violating Section 15(a)(3) of the FLSA through any further adverse action against current and former employees as a result of their protected activity[.]" *Id.* Plaintiff "also seeks compensatory and punitive damages for Defendant's willful and flagrant violations to date, and other appropriate relief." *Id.*

### III. DISCUSSION

**A.    Standard of Review**[1]

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (citation omitted). Under this

---

[1] The Court notes that Defendant's notice of motion cites Rule 12(b)(1) as a basis for dismissal. *See* Dkt. No. 11. Defendant's memorandum of law acknowledges the overlap between Rule 12(b)(1) and Rule 12(b)(6) insofar as a dismissal on the latter grounds necessitates a dismissal on the former, but otherwise makes no argument invoking Rule 12(b)(1). *See* Dkt. No. 11-5 at 1. As such, herein the Court will discuss only the Rule 12(b)(6) standard.

standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of the 'entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the [] complaint must be dismissed[,]" *id.* at 570.

B.      **FLSA Retaliation**

Pursuant to the FLSA's anti-retaliation provision, it is "unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]."  29 U.S.C. § 215(a)(3).  To state a *prima facie* retaliation claim under the FLSA, the plaintiff must allege: "(1) participation in protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action."  *Mullins v. City of N.Y.*, 626 F.3d 47, 53 (2d Cir. 2010).  An employment action disadvantages an employee if it dissuades a reasonable worker from making or supporting an FLSA violation charge.  *See id.* (citations omitted).  "[A] causal connection between an adverse action and a plaintiff's protected activity may be established 'through evidence of retaliatory animus directed against a plaintiff by the defendant[.]'" *Id.* (quoting *Johnson v. Palma*, 931 F.2d 203, 207 (2d Cir. 1991)).  Alternatively, a

causal connection may be established "by showing that the protected activity was closely followed in time by the adverse action[.]" *Manoharan v. Columbia Univ. Coll. Of Physicians & Surgeons*, 842 F.2d 590, 593 (2d Cir. 1988) (citation omitted).

"FLSA retaliation claims are subject to the three-step burden-shifting framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Mullins*, 626 F.3d at 53. Once the plaintiff presents a *prima facie* case, the burden of production shifts to the defendant to articulate a legitimate, non-retaliatory reason for its employment decision. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). Upon the defendant's articulation of a legitimate, non-retaliatory reason, "'the presumption of retaliation dissipates,' and the burden shifts back to the plaintiff to prove 'that the desire to retaliate was the but-for cause of the challenged employment action.'" *Smith v. N.Y. & Presbyterian Hosp.*, 440 F. Supp. 3d 303, 340 (S.D.N.Y. 2020) (citing *Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 70 (2d Cir. 2015)). The "but-for" causation standard "does not require proof that retaliation was the only cause of the employer's action, but only that the adverse action would not have occurred in the absence of the retaliatory motive." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 846 (2d Cir. 2013).

"Retaliation claims made by former employees for post-employment conduct are . . . allowed under 'relatively narrow' circumstances." *Porter v. MooreGroup Corp.*, No. 17-CV-7405, 2020 WL 34434, *11 (E.D.N.Y. Jan. 2, 2020) (collecting cases). "One such circumstance 'includ[es] threatening immigration related consequences.'" *Stih v. Rockaway Farmers Market, Inc.*, No. 22-CV-3228, 2023 WL 2760492, *5 (E.D.N.Y. Apr. 3, 2023) (quoting *Porter*, 2020 WL 32434, *11 (collecting cases)).

Herein, the Court finds that Plaintiff has alleged a plausible cause of action. Plaintiff alleges that (1) the three FLSA plaintiffs engaged in protected activity vis-a-vis scheduled

deposition testimony in the proceedings against their alleged former employer and that Defendant

was aware of same; (2) the August 12, 2019 showing of immigration-related consequences

constitute a recognized post-employment adverse action in retaliation cases; and (3) Defendant

instigated the report to ICE officials in response to the FLSA plaintiff's protected activities. Dkt.

No. 1 at ¶¶ 6-29. As such, Plaintiff set forth a *prima facie* FLSA retaliation claim.

In light of the *McDonnell-Douglas* burden-shifting standard applicable at the pleading

stage, the Court must address Defendant's contentions that a legitimate explanation exists for the

alleged adverse action, and that, in any event, he acted with no retaliatory intent. The Second

Circuit has acknowledged past tension regarding Rule 8's fair notice pleading standard and the

*McDonnell-Douglas* burden-shifting standard. *See Littlejohn v. City of N.Y.*, 795 F.3d 297, 307-

11 (2d Cir. 2015) (collecting cases). The Second Circuit has clarified that, "[t]he facts alleged

must give plausible support to the reduced requirements that arise under *McDonnell Douglas* in

the initial phase of [] litigation." *Id.* at 311.

In this case, Defendant has adduced a detailed affidavit explaining that he did not

intentionally cause Mr. Morin's report to ICE officials, and that there is a legitimate, non-

retaliatory explanation as to what happened. *See* Dkt. No. 11-2. Defendant also argues that the

complaint "conjectures that Defendant and Morin may have had conversations and that those

conversations may have included complaining about being sued[.]"[2] Dkt. No. 11-5 at 6.

Defendant argues that the complaint's references to "personally identifying" and "sensitive"

information, and "immigration status" are conclusory and lack sufficient factual detail. *Id.*

---

[2] The Court notes that Defendant's memorandum of law contains unnecessarily vulgar remarks directed at the plaintiffs in the FLSA private action. *See* Dkt. No. 11-5 at 6. The Court direct's Defendant's counsel to cease using such profane language in all future filings.

In response, Plaintiff asserts that the complaint "provides ample details showing that [Defendant's] act of reporting the class representatives to [Mr.] Morin was an adverse action . . . that might well dissuade a reasonable worker from participating in protected activity." Dkt. No. 19 at 18. Plaintiff requests, in the alternative, that it be permitted leave to amend to the complaint to provide even more detail.[3] *See id.* at 25-28.

As discussed above, Plaintiff has adequately set forth a *prima facie* claim for FLSA retaliation. While Defendant may have articulated a legitimate, non-retaliatory reason for the alleged action, Plaintiff's complaint nonetheless fairly suggests otherwise. And Plaintiff is not required to prove its case at this early stage in the litigation. *See Vega v. Hempstead Union Free School Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) (stating that "a plaintiff is not required to plead a *prima facie* case under *McDonnell Douglas*, at least as the test was originally formulated, to defeat a motion to dismiss[.]").

Accordingly, Defendant's motion to dismiss for failure to state a claim must be denied.

## C.      Statute of Limitations

Generally, FLSA retaliation actions are governed by a two-year statute of limitations. *See* 29 U.S.C. § 255(a). However, the statute provides for a three-year period for claims involving "willful" retaliation. *Id.* Plaintiff commenced this action on August 25, 2022, asserting "willful" violations. Dkt. No. 1 at ¶ 3. Although the alleged adverse action occurred on August 12, 2019 (*i.e.*, more than three years prior to commencement), the complaint states that the parties executed a tolling agreement, tolling the period "from April 21, 2021 through August 4, 2022." *Id.* at ¶¶ 26-28, 30. As such, on its face, the FLSA retaliation claim is timely.

---

[3] Plaintiff asserts that the affidavit Defendant submitted with his motion contains additional evidence of retaliatory animus toward the FLSA plaintiffs, and would seek leave to add several statements therein to the complaint. *See* Dkt. No. 19 at 25-28, 30; Dkt. No. 19-2.

Defendant does not dispute that a valid tolling agreement exists for the relevant period. *See* Dkt. No. 11-5 at 9. Rather, he argues that the complaint contains no date as to when Defendant allegedly communicated with Mr. Morin in connection with the August 12, 2019 depositions. *See id.* Defendant asserts that "[n]owhere in the complaint is it alleged that Defendant engaged in any specific conduct during [the applicable] time period." *Id.*

The Court finds that Defendant's argument lacks merit. The complaint alleges that "in the private FLSA action, the Court issued an order on July 15, 2019, setting final dates for the depositions of the three class representatives: August 12 to August 15, 2019." Dkt. No. 1 at ¶ 19. The complaint further alleges that "[i]n advance of these depositions, Defendant [] discussed the depositions with [Mr.] Morin." *Id.* at ¶ 20. While the complaint does not identify a specific date as to this alleged discussion, the complaint plausibly suggests that it occurred sometime between the Court's scheduling order on July 15, 2019, and the first day of depositions on August 12, 2019—a period within the applicable time limitations.

Accordingly, Defendant's motion to dismiss must be denied in this regard.

**D.      Necessary Party**

Defendant also seeks dismissal on the basis that Plaintiff has failed to name and/or join Mr. Morin to this action as a purported "necessary party." Dkt. No. 11-5 at 7-8. "Under Rule 12(b)(7), an action must be dismissed for failure to join a party under Rule 19 if the absent party is (1) necessary but joinder is not feasible, and (2) indispensable to the action." *Butler v. City of N.Y.*, 599 F. Supp. 3d 253, 263-64 (S.D.N.Y. 2021) (citing *Am. Trucking Ass'ns, Inc. v. N.Y. State Thruway Auth.*, 795 F.3d 351, 356-57 (2d Cir. 2015)). While "the court may accept all factual allegations in the complaint as true and draw inferences in favor of the plaintiff[,]" the court may also "consider matters outside of the pleadings, such as affidavits[.]" *Id.* at 264 (citation omitted).

Notably, courts are generally reluctant to grant dismissal based on non-joinder. *See Am. Trucking Ass'n*, 795 F.3d at 356-57.

Rule 19 of the Federal Rules of Civil Procedure sets forth a two-step test for determining whether dismissal is warranted based on nonjoinder. *See Viacom Intern., Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000). "First, the court must determine whether an absent party belongs in the suit, *i.e.*, whether the party qualifies as a 'necessary' party under Rule 19(a)." *Id.* (citation omitted). A person is a necessary party when:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1); *see also Viacom*, 212 F.3d at 724.

Second, if a party is necessary, but joinder is not feasible, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b); *see also Viacom*, 212 F.3d at 725. Rule 19 outlines several factors that the court should consider:

> (1) the extent to which a judgment rendered in the person's absence might prejudice [the necessary party] or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).  The test "does not require that every factor support the district court's

determination." *Universal Reinsurance Co., Ltd. v. St. Paul Fire and Marine Ins. Co.*, 312 F.3d

82, 88-89 (2d Cir. 2002).

Herein, after carefully considering the relevant factors, the Court finds that Mr. Morin is

not a necessary party as contemplated by Rule 19(a).  As an initial matter, Defendant argues that

Mr. Morin is "the culpable individual" in this case.  Dkt. No. 11-5 at 7.  He asserts that Plaintiff

failed to name Mr. Morin to this action because the statute of limitations has expired and Plaintiff

has no tolling agreement with him.  *Id.* at 7-8.  Defendant contends that "[i]n the absence of

joining under [] Rule 19, 'equity and good conscience' require the action be dismissed against

Defendant[.]"  *Id.* at 8.  In support, Defendant submits a detailed affidavit denying that he

engaged in the conduct at-issue and that, if anything, Mr. Morin acted on his own and

independently from Defendant.  *See generally* Dkt. No. 11-2.

Plaintiff argues that Defendant "misinterprets" the retaliation claim, which concerns

Defendant allegedly "providing names of former employees and personal identifying

information" to Mr. Morin—not the resulting report to ICE.  Dkt. No. 19 at 10.  Plaintiff argues

that "even before [Mr.] Morin used the information provided by [Defendant] and reported the

employees to federal law enforcement, the adverse action had already occurred."  *Id.*  Moreover,

Plaintiff asserts that "[t]he compensatory and punitive damages sought . . . do not require [Mr.]

Morin to be a party because complete relief can be obtained from [Defendant]."  *Id.* at 12.

Likewise, Plaintiff asserts that it "can also obtain complete injunctive relief without [Mr.] Morin

being a party to this action" as it seeks to enjoin only Defendant from further providing

information about former employees.  *Id.* at 12-13.

The Court finds that Mr. Morin is not a necessary party under Rule 19(a) because complete relief can be awarded in his absence and because he has no discernable interest or obligation at-stake in this action.  As set forth in the complaint, the retaliatory act at-issue concerns not whether Mr. Morin contacted ICE, but rather whether Defendant provided Mr. Morin with detailed information about the FLSA plaintiffs with the intent to instill fear of immigration-related consequences.  *See* Dkt. No. 1 at ¶¶ 1-3, 32-36.  The relief sought in this action (*i.e.*, injunctive relief and compensatory and punitive damages) is squarely aimed at Defendant by virtue of his status as the FLSA plaintiffs's former employer.  *See id*. at ¶ 3.  There are no allegations that Mr. Morin ever employed these individuals and thus there is no indication that FLSA liability could plausibly extend to him.

Finally, the Court notes that Defendant's affidavit adamantly denies that he shared any information with Mr. Morin "[o]ther than the passing mutterings over the years," and that, notwithstanding, he "would never engage in any conduct which could lead to the deportation of another who has reached these shores."  Dkt. No. 11-2 at ¶¶ 6, 34.  Defendant characterizes Mr. Morin's alleged actions as "repulsive."  *Id.* at ¶ 7.  He adds, *inter alia*, that "[p]erhaps [Mr.] Morin believed he was doing the right thing and helping a friend be rid of a problem" and "assure[s] this Court that it was not at [Plaintiff's] request."  *Id.* at ¶ 37.  Because Mr. Morin is not a "necessary party," as contemplated in the first step of the Rule 19(a) analysis, the Court need not reach Defendant's Rule 19(b) contentions that "equity and good conscience" warrant dismissal.  In any event, Defendant has provided no explanation as to how undue prejudice will result unless Mr. Morin is a party to this action—a factor that overlaps both Rule 19(a) and Rule 19(b).  *See Errico v. Stryker Corp.*, 281 F.R.D. 182, 187 (S.D.N.Y. 2012) (citations omitted).  By all indications, Defendant can adequately defend this action in Mr. Morin's absence.

12

Accordingly, Defendant's motion to dismiss for failure to name a necessary party must be denied.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss the complaint (Dkt. No. 11) is **DENIED**; and the Court further

**ORDERS** that Plaintiff's cross-motion to amend (Dkt. No. 19) is **DENIED** as moot; and the Court further

**ORDERS** that the initial complaint filed in this action (Dkt. No. 1) remains as the operative pleading; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  May 11, 2023
       Albany, New York

Mae A. D'Agostino
U.S. District Judge