**U.S. Department of Labor**

Office of the Solicitor
201 Varick Street, Room 983
New York, N.Y. 10014

Reply to the Attention of:

Amy Tai, Senior Trial Attorney
Tel. (646) 264-3653 (direct dial)
Email: tai.amy@dol.gov

December 20, 2024

**Via ECF**
The Honorable Mae A. D'Agostino
United States District Judge
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207

**RE: *Acting Secretary of Labor v. Ip*, No. 22-CV-886-MAD-TWD**

Dear Judge D'Agostino:

Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Plaintiff") submits this letter in response to Defendant Ip's letter dated December 18, 2024 attempting to unilaterally change the terms of a finalized settlement and manipulate the Court. ECF No. 86. This Court should not tolerate Defendant and his counsel's deceptive tactics.

Despite all parties agreeing after two days of the Court's assistance that the settlement payment of $20,000 would be paid to the U.S. Department of Labor and then disbursed to Xue Hui Zhang, Defendant and his counsel now—without any legal or factual basis and without conferring with Plaintiff—seek to unilaterally change the terms of the Consent Judgment (ECF No. 85) and the parties' agreement. Indeed, Plaintiff agreed to resolving this matter at $20,000 *only if* Defendant agreed that the money would be distributed to Mr. Zhang.

Notwithstanding this agreement—which took up hours of the Court's resources to reach—and their representations to the Court and to Plaintiff's counsel, defense counsel now claims "[i]t was never an agreement." *See* E-mails between Plaintiff's counsel and defense counsel, attached hereto as Exhibit A (quoting e-mail Mr. Mann sent on Dec. 19 at 2:54 pm.). In fact, defense counsel admits to deceiving Plaintiff's counsel and the Court. Mr. Mann stated, "We carefully crafted the consent judgment to meet the parameters required by your office." *Id.* (quoting e-mail Mr. Mann sent on Dec. 19 at 2:54 p.m.). When Plaintiff's counsel responded that "[a] parameter required by our office was that the money is distributed to Zhang," Mr. Mann admitted, "I knew your intention and your restrictions, and intentionally selected language which allowed for this objection." *Id.* (quoting e-mail Mr. Mann sent on Dec. 19 at 4:32 p.m.). In other words, Defendant Ip and Mr. Mann entered into the Consent Judgment knowing that distributing the money to Mr. Zhang was a condition to settlement yet never had any intention of having Plaintiff distribute the money to Mr. Zhang. That is unethical, dishonest, and fraudulent.[1]

[1] Furthermore, Defendant's letter makes misrepresentations to the Court. In defense counsel's letter to the Court in attempt to deviate from the settlement terms, Mr. Mann states that "[u]pon information and belief, the Secretary of Labor intends to disburse the funds paid under the

Nothing in the Consent Judgment precludes the Acting Secretary from distributing the $20,000 in "legal or equitable relief" pursuant to section 15(a)(3) of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3) to Mr. Zhang. Plaintiff's counsel made clear to Defendant when agreeing to not include Mr. Zhang's name in the Consent Judgment that the money still had to be distributed to Mr. Zhang. Because the settlement payment would be distributed to Mr. Zhang, the Consent Judgment includes a provision requiring that "Neither Defendant nor anyone on his behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Judgment." ECF No. 85 ¶ 6. Similarly, as we discussed during the settlement conferences, the "legal or equitable relief" under the FLSA, as referenced in paragraph 5, is distributed to employee(s)—here, as agreed upon, Mr. Zhang. *Id.* ¶ 5.

As previously agreed upon and approved by the Court, Plaintiff will distribute the settlement payment—which Plaintiff has received—to Mr. Zhang. Defense counsel's subsequent emails to the undersigned make clear he and his client were operating in bad faith. Further, they cite no authority for their request to prohibit the Acting Secretary from lawfully distributing the section 15(a)(3) damages. This Court should reject Defendant's request, which is based on deceptive and dishonest conduct.

Should the Court wish to speak with the parties, Plaintiff's counsel requests that the conference be held the week of January 6, if convenient for the Court, due to previously scheduled holiday leave.

Respectfully submitted,

Jeffrey S. Rogoff
Regional Solicitor

By: *<u>/s/ Amy Tai</u>*
Amy Tai
Senior Trial Attorney

Hollis V. Pfitsch
Senior Trial Attorney

*Attorneys for Plaintiff Acting Secretary of Labor*

Cc: Matthew Mann, Esq., counsel for Defendant (by ECF)

---

consent order to . . . Mr. Zhang **and** Ms. Chen." ECF No. 86 (emphasis added). Not surprisingly, Mr. Mann had no basis for making this inaccurate statement. When Plaintiff's counsel asked Mr. Mann what information he purportedly received that the funds were being disbursed to both individuals, he provided no additional information and responded that "we will never consent to distribution to Zhang **or** Chen . . ." *See* Ex. A (quoting e-mail Mr. Mann sent on Dec. 18 at 6:58 p.m.) (emphasis added).